Edward Chang (SBN 268204)
echang@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>APEX CAPITAL GROUP, LLC, et al.,<br><br>  Defendants. | Case No. 2:18-cv-09573-JFW (JPRx)<br><br>**AFFIDAVIT OF NON-COMPLIANCE**<br><br>JUDGE:  Hon. John F. Walter<br>CTRM:   7A |

I, Thomas W. McNamara, hereby declare and state as follows:

1. On November 16, 2018, this Court appointed me Temporary Receiver of the Receivership Entities in the above-captioned case. *See* ECF No. 16 ("TRO") at 18:27-19:2, Section XIV.

2. On December 18, 2018, this Court continued my appointment as Receiver of the Receivership Entities in the above-captioned case pursuant to two preliminary injunctions stipulated to by the individual defendants. *See* ECF No. 40 ("Peikos PI") at 18:27-19:2, Section XIV; ECF No. 41 ("Barnett PI") at 18:18-21, Section XIV.

3. I make this declaration on personal knowledge and if called as a witness I could and would testify competently as follows:

4. I submit this Affidavit of Non-Compliance pursuant to Sections XVI.F of the Peikos PI regarding non-party entities CodeClouds United States and CodeClouds New Zealand (referred to herein collectively as "CodeClouds"). Section XVI.F provides in relevant part: "In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation."

5. On November 27, 2018, my team provided a copy of the TRO to CodeClouds.

6. My investigation has revealed that CodeClouds assisted in the creation of the sales pages utilized by Defendant Phillip Peikos and Receivership Entity Apex Capital Group, LLC ("Apex") to lure in customers for their Negative Option scheme. *See* ECF No. 31 (Preliminary Report of Receiver) at 7:1-8:8.

7. These sales pages were critical to the success of Defendants' Negative Option model. These were the pages that consumers would see when they requested more information about one of Defendants' products. *See id.* at 7:1-2. The FTC has alleged that Defendants made numerous deceptive representations to consumers on these sales pages in order to get the consumers to sign up for these products. *See, e.g.*, ECF No. 1 (Complaint) at 17:1-2, 17:17-20 (advertisements purported to offer a "'RISK FREE' TRIAL," without disclosing that consumers would be charged for the full cost of the products if they did not cancel their orders within a short period of time).

8. My own investigation strongly supports the FTC's allegations. My team reviewed sample sales pages and saw evidence of obscured disclaimers, high-pressure sales tactics (for example, language implying low supply and high demand), and the use of upsale opportunities. *See* ECF No. 31 at 7:1-8:8.

9. CodeClouds played a key role in the creation and maintenance of these sales pages. They served as Apex's coders and developers, updating the sales pages at Apex's request. In updating the sales pages, CodeClouds would have seen all of the deceptive advertising discussed above, as well as the general manner in which the Negative Option scheme was orchestrated.

10. Attached hereto as Exhibit A is a true and correct copy of a November 28, 2016 email from CodeClouds to Peikos, describing the services that CodeClouds offered.

11. Attached hereto as Exhibits B through E are true and correct copies of emails between CodeClouds and Apex employees regarding the sales pages.

12. CodeClouds was fully aware of its contacts with United States consumers. Emails discussing different trials designate the trials as "US" (as opposed to, *e.g.*, "UK") trials, and the hyperlinks to the sales pages similarly differentiate based on the consumer base targeted. *See, e.g.*, Exs. B-C, E (involving "US" trials).

13. CodeClouds even reached out to Peikos by email to advertise a new "Design Division" from "New Zealand *and USA*" (emphasis added). A true and correct copy of that email is attached as Exhibit D.

14. Shortly after serving the TRO on CodeClouds, a Mr. Kinkar Saha responded and informed me that CodeClouds had suspended its work with Apex, but would not provide any additional information unless I presented him with an injunction from a New Zealand court. A true and correct copy of my email exchange with Mr. Saha is attached hereto as Exhibit F.

15. On March 2, 2019, I emailed Mr. Saha to request Apex's file with CodeClouds, including emails, invoices, payment receipts, and any other relevant materials. In this email, I provided Mr. Saha with a copy of the Peikos PI and explained CodeClouds' obligation to cooperate with me in my capacity as Receiver

1 under its terms. I also explained to Mr. Saha that as Receiver, I stand in the shoes of Apex and am entitled to its files.

16. On March 3, 2019, Mr. Saha responded that CodeClouds would not cooperate and provide me with Apex's files – the files of a Receivership Entity – until Mr. Saha received an injunction from a New Zealand court. Mr. Saha cited "client privacy" as his reason for refusing to provide the file.

17. As I reminded Mr. Saha in a later email within the same exchange, as Receiver I stand in the shoes of Apex and therefore I am, in fact, his client, rendering his argument about "client privacy" moot.

18. I responded to Mr. Saha's March 3 email on that same day. I explained that I was not required to obtain an injunction from a New Zealand court, as CodeClouds has operations in the United States located in Fort Wayne, Indiana, and Mr. Saha had, in fact, included U.S. CodeClouds employees in our correspondence. I informed Mr. Saha that if he did not comply with the terms of the Peikos PI, I would be forced to file this Affidavit of Non-Compliance.

19. CodeClouds has the requisite minimum contacts with the United States for personal jurisdiction. CodeClouds knowingly provided services to a United States client – Apex – which were directed towards United States consumers, and CodeClouds *has U.S. operations*. This is not a foreign entity with no contact with the United States; this is a company that operates on U.S. soil and was working with a U.S. client to create webpages seen by U.S. consumers.

20. Ample case law establishes that federal courts have the authority to bind non-parties, even foreign ones, to the terms of an injunction. *See, e.g.*, *H.K. & Shanghai Banking Corp. v. Simon* (*in Re Simon*), 153 F.3d 991, 995-96 (9th Cir. 1998) (violation of bankruptcy injunction by foreign creditor outside the United States sanctionable by U.S. Bankruptcy Court). With respect to a non-party, the issue is whether the federal court has personal jurisdiction over that non-party. *See, e.g.*, *Reebok Int'l v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995) (personal

jurisdiction was determinative issue).  "Once personal jurisdiction over a party is obtained, district courts have authority to issue injunctions, including orders to freeze property under its control, whether within or without the United States." *FTC v. Triangle Media Corp.*, 2018 U.S. Dist. LEXIS 144599, at *47 (S.D. Cal. Aug. 24, 2018) (citing *United States v. First Nat'l City Bank*, 379 U.S. 378, 384 (1965)).

21.     Despite the clear terms of the Peikos PI, CodeClouds still refuses to provide me with Apex's CodeClouds file in violation of Sections XVI (Transfers of Receivership Property to Receiver), XVII (Provision of Information to Receiver), XVIII (Cooperation with the Receiver), and XIX (Non-Interference with the Receiver).  CodeClouds' refusal to comply is contemptuous at this point.

22.     I respectfully request the Court issue an Order to Show Cause re: Contempt ("OSC") as to CodeClouds.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 12th day of March in San Diego, California.

/s/ Thomas W. McNamara
Thomas W. McNamara

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all participants in the case who are registered CM/ECF users.

I further certify that I have caused the foregoing to be served by process server on the registered agent for CodeClouds, LLC:

> Rex Carroll
> CodeClouds, LLC
> 5738 Coventry Lane
> Fort Wayne, IN 46804

 /s/ Edward Chang
Edward Chang
*Attorney for Receiver,*
*Thomas W. McNamara*