# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**APEX CAPITAL GROUP, LLC, et al.,**<br><br>Defendants. | NOTE: CHANGES MADE BY THE COURT<br><br>Case No. 2:18-cv-9573-JFW(JPR)<br><br>**Protective Order Governing Confidential, Undercover, and Sensitive Personal Information** |

NOTE: CHANGES MADE BY THE COURT

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c) and 5.2(e).

**I.  DEFINITIONS**

   A.  "Commission" means Plaintiff, Federal Trade Commission.

   B.  "Confidential Material" means any material that: (1) contains information that is not known to be in the public domain such as trade secrets, confidential commercial or financial information, or confidential research and development information; and (2) reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons.

   C.  "Sensitive Personal Information" means any (1) Social Security number; (2) sensitive health-related data including medical records; (3) biometric identifier; or (4) any one or more of the following when combined with an individual's name, address, or phone number: (a) date of birth, (b) driver's license or other state identification number, or a foreign equivalent, (c) military identification number, (d) passport number, (e) financial institution account number, (f) credit or debit card number; or (5) other sensitive information relating

1

to an individual entitled to confidential status under applicable law or by order of this Court.

D. "Undercover Information" means any information relating to undercover identities that Commission employees used in connection with their investigation of the Defendants, including undercover names and any related phone numbers, email addresses, physical addresses, credit card numbers, or other payment information.

## II. DESIGNATING CONFIDENTIAL MATERIAL

A. If a party has a good faith belief that material required to be produced in discovery contains Confidential Material and that good cause exists to overcome the presumption of public access to material obtained in pretrial discovery, the party must designate such material as follows:

1. For paper materials, stamp "CONFIDENTIAL" on each page that contains Confidential Material.

2. For electronically stored information, brand it as "CONFIDENTIAL" and mark the electronic storage medium "CONFIDENTIAL."

3. For deposition transcripts, identify the specific pages and line numbers that contain Confidential Material within 10 days of receipt of the final transcript. If any testimony is identified as Confidential Material during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until 10 days after the designating party's receipt of the final transcript.

B. The designating party must designate as confidential only those portions of materials that contain Confidential Material to the extent practicable. Mass or indiscriminate designation of materials as Confidential Material is prohibited.

C. For materials over which the Receiver took exclusive possession, custody, or control pursuant to the Court's Temporary Restraining Order and Preliminary Injunction Orders (Doc. Nos. 16, 40, and 41) and which contain Confidential Material, the Receiver or any party may designate such materials as Confidential Material pursuant to the procedure set forth in Section II.A of this Order. Such designations must take place within 14 days of entry of this Order and, during that time period, all materials over which the Receiver took exclusive possession, custody, or control shall be treated as confidential.

## III. INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL MATERIALS

An inadvertent failure to designate Confidential Material prior to disclosure does not preclude a subsequent designation, but a recipient's prior disclosure of newly designated Confidential Material shall not violate this Order. In the event of subsequent designation of Confidential Material after disclosure, the parties shall cooperate to protect such material from future dissemination or public access.

## IV. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. Any party receiving Confidential Material may challenge the designating party's confidentiality designation by sending the designating party a written objection that sets forth the objecting party's basis for why the material is not confidential.

B. Within 7 days of a written objection to the designation of Confidential Material, the designating party and the objecting party must meet and confer in good faith to resolve the objection.

C. If the designating party and the objecting party are unable to resolve the dispute, the designating party must move the Court for a protective order to uphold the confidentiality designation within 21 days of the meet and confer, in full compliance with Local Rule 37. Failure to seek a protective order within 21 days of the meet and confer terminates confidential treatment for the material.

D. The burden of establishing that the confidentiality designation is proper is on the designating party.

E. Any person or entity receiving Confidential Material may use the procedures set forth in this section to challenge the designating party's confidentiality designation.

## V. PERMITTED DISCLOSURES OF CONFIDENTIAL MATERIALS AND SENSITIVE PERSONAL INFORMATION

A. Confidential Material or Sensitive Personal Information may be disclosed only to:

1. the Court and court personnel;

2. the parties' counsel and the parties' counsel's designated employees;

3. experts, consultants, contractors, or other persons consulted or retained by the parties or counsel to assist in this litigation (including their employees), provided that they sign Exhibit 1 or execute FTC Form X33-Nondisclosure Agreement for Contractors;

4. any person (and his or her counsel) who had prior access to the Confidential Material or Sensitive Personal Information or participated in a communication that is the subject of the Confidential Material or Sensitive Personal Information;

5. any other witnesses or persons whom the disclosing party believes in good faith may be witnesses (and their respective counsel), provided that they have signed Exhibit 1.

B. Notwithstanding the limitations set forth in Section V.A and subject to taking appropriate steps to preserve confidentiality, the Commission may use or disclose Confidential Material or Sensitive Personal Information to other governmental entities, as provided by 16 C.F.R. §§ 4.9–4.11, 15 U.S.C. §§ 46(f) and 52, or any other legal obligation imposed upon the Commission. Such entities

include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of the Commission) and congressional committees.

      C.    Notwithstanding the limitations set forth in Section A and subject to taking appropriate steps to preserve confidentiality, the Receiver may disclose Confidential or Sensitive Personal Information to:

          1.    state or federal agencies, including the Internal Revenue Service and law enforcement agencies, as necessary to fulfill the Receiver's duties in this action; or

          2.    other persons when necessary to protect the interests of the Receivership Estate.

To the extent practicable, the Receiver shall provide advance notice to all parties prior to any disclosure pursuant to this subsection.

## VI. USE OF CONFIDENTIAL MATERIAL IN LITIGATION

A party seeking to file Confidential Material publicly either must redact such material before filing or file such material under seal concurrently with a motion to seal the material, in full compliance with Local Rule 79-5, unless the designating party consents to the public filing of such material or the Court orders that such material may be filed publicly.

## VII. USE OF SENSITIVE PERSONAL INFORMATION IN LITIGATION

No party may publicly disclose any Sensitive Personal Information without prior approval of this Court. A party seeking to file Sensitive Personal Information publicly in the docket of any action must redact such information before filing, unless the Sensitive Personal Information is relevant and necessary for the Court's understanding of the issues presented. In such circumstances, a party must file any unredacted Sensitive Personal Information under seal concurrently with a motion to seal the information in full compliance with Local Rule 79-5.

## VIII. UNDERCOVER INFORMATION

The Commission's Undercover Information is protected from discovery. The Commission may redact Undercover Information from any Court filings, hearing or deposition exhibits, or discovery responses. No party may obtain Undercover Information from the Commission unless the Court finds that there is good cause for a party to receive such information.

## IX. TREATMENT OF CONFIDENTIAL MATERIALS AND SENSITIVE PERSONAL INFORMATION AFTER LITIGATION

Within 60 days of final resolution of all claims asserted in this action, all parties, experts, contractors, consultant, or other person retained by any party to assist in this litigation, as well as any witness or non-party, must destroy or return all Confidential Material and Sensitive Personal Information they obtained during the course of the litigation, except as follows:

A. Designating parties may maintain copies of all of their own Confidential Material and Sensitive Personal Information.

B. The Commission shall retain, return, or destroy Confidential Material or Sensitive Personal Information in accordance with 16 C.F.R. § 4.12, and may retain such information to assist with other ongoing law enforcement matters or policy or research matters consistent with the Commission's mission, provided that the Commission continues to take all appropriate steps to protect the confidentiality of the materials.

C. Any law enforcement agency other than the Commission that has received copies of any Confidential Material or Sensitive Personal Information may retain such information to assist with other ongoing law enforcement matters, provided that the law enforcement agency continues to take all appropriate steps to protect the confidentiality of the materials.

D. Any congressional committee may maintain copies of Confidential Materials and Sensitive Personal Information obtained from the Commission as required under 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.11(b).

This Order continues to govern Confidential Material and Sensitive Personal Information after the conclusion of the case, absent further order of the Court.

SO ORDERED, this 29th day of July, 2019,

UNITED STATES MAGISTRATE JUDGE
JEAN P. ROSENBLUTH

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>**APEX CAPITAL GROUP, LLC, et al.**,<br><br>　　　　　Defendants. | Case No. 2:18-cv-9573-JFW(JPR) |

*ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER*

　　　I, _____, acknowledge that I have been provided with a copy of the Protective Order entered in this action, I have reviewed it and understand its terms, and I agree to be bound by its terms and be subject to the jurisdiction of this Court in all matters relating to the Protective Order.

　　　I will treat all Confidential Material and Sensitive Personal Information, as defined in the Protective Order, strictly in accordance with the terms set forth in the Protective Order. I will not share Confidential Material or Sensitive Personal Information with any unauthorized individual or entities, other than my counsel. I acknowledge that any unauthorized use or disclosure of such materials by me may constitute contempt of court.

1       I declare under penalty of perjury that the foregoing is true and correct.

Date: _____                 _____

                                                                   Signature

                                                                   _____

                                                                   Print Name