1  Edward Chang (SBN 268204)
   echang@mcnamarallp.com
2  McNamara Smith LLP
   655 West Broadway, Suite 1600
3  San Diego, California 92101
   Telephone: 619-269-0400
4  Facsimile:  619-269-0401

5  *Attorneys for Receiver,*
   *Thomas W. McNamara*
6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 FEDERAL TRADE COMMISSION,              Case No. 2:18-cv-09573-JFW (JPRx)

12              Plaintiff,                **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF
13      v.                                RECEIVER'S MOTION TO
                                          EXTEND COMPLETION
14 APEX CAPITAL GROUP, LLC, et al.,       DEADLINE FOR RECEIVER**

15              Defendants.               JUDGE:   Hon. John F. Walter
                                          CTRM:    7A
16                                        DATE:    March 9, 2020
                                          TIME:    1:30 p.m.
17

18

19

20

21

22

23

24

25

26

27

28

# I.

## INTRODUCTION AND BACKGROUND

The receiver Thomas W. McNamara ("Receiver") was first appointed temporary receiver of the Receivership Entities in this matter by a Temporary Restraining Order ("TRO") entered on November 16, 2018 (ECF No. 16), which appointment was confirmed, and the temporary designation removed, by the Preliminary Injunctions entered on December 18, 2018 (ECF Nos. 40 and 41).

On September 11, 2019, the Court entered two Stipulated Orders for Permanent Injunction and Monetary Judgment. The first resolved all matters in dispute between the Federal Trade Commission ("FTC") and Defendant David Barnett. *See* ECF No. 120 (the "Barnett Order"). The second order resolved all matters in dispute between the FTC and Defendants Phillip Peikos and the Receivership Entities. *See* ECF No. 121 (the "Peikos Order"). A third Stipulated Order of Permanent Injunction and Monetary Judgment was recently entered as to Defendants Mark Moskvins and SIA Transact Pro (ECF No. 142), but these defendants are not subject to the receivership and therefore not affected by this request to extend the receivership.

The Barnett and Peikos Orders direct the Receiver to recover and liquidate Receivership Estate assets. The Barnett Order included a receivership termination provision, requiring the Receiver to complete his duties and file his final report and final fee application within six months after entry of the order, March 11, 2020, "**unless this time was extended for good cause**." Barnett Order at 27-28 (Section XIII, Termination of Receivership) (emphasis added); *see also* Peikos Order at 29 ("The Receiver shall, within six (6) months from the date of this Order, make all good faith efforts to sell the Westlake Village Property."). The Receiver believes good cause exists to extend the receivership's completion deadline.

///

///

## II.

## DISCUSSION

Since the entry of the Barnett and Peikos Orders, the Receiver has continued efforts to recover, take possession of and liquidate Receivership Estate assets. However, there remain a number of significant tasks to complete, which will not be completed before the March 11 deadline. For example, the Westlake Village house will be listed for sale this week (after extensive repairs and rehabilitation that have been completed over the last four and one-half months). It is highly unlikely the multi-million dollar home will be sold by March 11.[1] Counsel in Cyprus and Greece are continuing their efforts to obtain the return of roughly €2.1 million that the Receivership Entities transferred (at Defendant Peikos' direction) to third parties in connection with purchase of an interest in and loan to a beach club in Greece.[2] Efforts are continuing to monetize shares of stock held by Defendants Peikos and Barnett in two illiquid, non-public companies. Relatedly, we are attempting to determine if ten performing promissory notes issued by one of these companies with a face value of $1 million (which do not mature until August 2022 through July 2023) can (and should) be redeemed or sold at a discount prior

---

[1] Title 28 U.S.C. § 2001 addresses the sale of real property and sets forth certain procedures. Section 2001(b) requires a sales price of at least two-thirds of the appraised value as determined by three appraisers. Three appraisals have been obtained and it is expected the acceptable sales price will be substantially more than two-thirds of the appraised value of the property. Section 2001 also requires publication in a newspaper of general circulation and an overbid procedure. We note that district courts sitting in equity in receivership proceedings have broad discretion in adopting a procedure for the sale of property. *See SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005). The Receiver will likely seek approval and confirmation from the Court of any proposed sale without newspaper publication and an overbid procedure because these requirements would be costly, cumbersome, not likely to result in a higher price, and therefore likely diminish the net amount received from the sale of the property.

[2] Based upon guidance of counsel, we expect the Greek litigation could be completed promptly (six to nine months) but Cyprus will take a substantial amount of time (up to several years) if it is necessary to complete litigation. (The Receiver will monitor both cases and the associated costs and periodically revisit whether prosecuting the cases continues to make sense. At this point, the costs to prepare the cases have not been significant.)

to maturity.  Defendant Barnett agreed to surrender 16 pieces of art with a purchase price of roughly $90,000 as part of his settlement.[3]  Unfortunately, for months he has failed to transfer possession to the Receiver so they can be sold.  The Receiver only recently gained control of 10 pieces, which are in the process of being listed for sale by an art auction house.  We are informed by the auction house it will take a number of months and perhaps more than a year to sell the pieces.  Finally, as described more fully in a separate motion, the Receiver has identified, and believes it makes sense to pursue, a potentially valuable Receivership asset through a lawsuit against Wells Fargo and Company.

Accordingly, the Receiver believes that good cause exists to extend the completion deadline.  Thus, the Receiver respectfully requests that the completion deadline be extended for good cause until March 11, 2021.

The Receiver is aware that, with the recent entry of the Stipulated Order involving Defendants Moskvins and SIA Transact Pro, the case is complete except for the Receiver's duties.  In other similar receivership cases in which the Receiver has been involved, courts have administratively closed the underlying cases, but allowed the receivership to continue to complete necessary duties.  *See SEC v. Khanna* and *CFTC v. Khanna*, Case No. 3:09-cv-01783-BEN-WVG, ECF No. 130 (S.D. Cal. Mar. 18, 2013), Order Closing Actions and Retaining Post-Judgment Jurisdiction Over Receivership (attached hereto as Exhibit A); *FTC v. Triangle Media Corp.*, Case No. 3:18-cv-01388-LAB-LL, ECF No. 142 (S.D. Cal. Nov. 11, 2019) (attached hereto as Exhibit B).  Since all other facets of the case have been completed aside from the Receivership obligation, perhaps a similar approach makes sense, such that this case could be administratively closed but the Court should retain jurisdiction and permit the Receivership to continue to complete the Receiver's tasks.

---

[3]  Mr. Barnett recently reported that he only has 10 pieces of art.  The remaining 6 pieces of art were included in the sale of his house that occurred in May 2018.

1

## III.

## CONCLUSION

Based on the foregoing, the Receiver respectfully requests that the Court modify the Section XIII (Termination of Receivership) of the Stipulated Permanent Injunction (ECF No. 120 at 27-28) and extend the receivership completion deadline to March 11, 2021, unless the Court subsequently extends that date for good cause.

Dated: February 4, 2020           MCNAMARA SMITH LLP

By:   /s/ Edward Chang
          Edward Chang
          *Attorneys for Receiver,*
          *Thomas W. McNamara*