Logan D. Smith (SBN 212041)
lsmith@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,
Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>APEX CAPITAL GROUP, LLC, et al.,<br><br>Defendants. | Case No. 2:18-cv-09573-JFW (JPRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO FILE THE DECLARATION OF THOMAS W. MCNAMARA IN SUPPORT OF THE RECEIVER'S UNOPPOSED MOTION TO EXTEND COMPLETION DEADLINE FOR RECEIVERSHIP UNDER SEAL**<br><br>JUDGE:   Hon. John F. Walter<br>CTRM:    7A |

## I. INTRODUCTION

Pursuant to Local Rule 79-5.2.2 and for good cause shown, Thomas W. McNamara, in his capacity as the Court-appointed receiver (the "Receiver"), hereby moves the Court for an order allowing his declaration filed in support of the Unopposed Motion to Extend Completion Deadline for Receivership (the "Declaration") to be filed under seal.

## II. LEGAL STANDARD

The Receiver must show that there is "good cause" to file the Declaration under seal. Unlike documents attached to dispositive motions, which can only be filed under seal when there is a "compelling reason" to justify it, *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), "[d]ocuments attached to non-dispositive motions are treated somewhat differently," *Sas v. Sawabeh Info. Servs. Co.*, Case No. CV 11-04147-MMM (MANx), 2015 U.S. Dist. LEXIS 183487, at *5 (C.D. Cal. Feb. 4, 2015). For documents attached to non-dispositive motions, "a particularized showing, under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy" of the sealed document. *See Sas*, 2015 U.S. Dist. LEXIS 183487 at *5 (internal quotation marks and citation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## III. DISCUSSION

Here, good cause exists to file the Declaration under seal. The "good cause" standard, as opposed to the "compelling reason" standard, applies because the Declaration is an attachment to a non-dispositive motion: the Receiver's Unopposed Motion to Extend the Completion Deadline for the Receivership. Good cause exists for sealing the Declaration because the items addressed in the Declaration, if publicly filed, could compromise the Receiver's ability to pursue assets belonging to the Receivership Estate. *See* Fed. R. Civ. P. 26(c).

1    Case No. 2:18-cv-09573-JFW (JPRx)
MPAS ISO *EX PARTE* APPLICATION TO FILE UNDER SEAL

## IV.  CONCLUSION

For the foregoing reasons, the Receiver respectfully submits that the Court should grant his application to file his Declaration under seal.

Dated:  March 5, 2021  MCNAMARA SMITH LLP

By: /s/ Logan D. Smith
Logan D. Smith
*Attorneys for Receiver,
Thomas W. McNamara*