Logan D. Smith (SBN 212041)
lsmith@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APEX CAPITAL GROUP, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 2:18-cv-09573-JFW (JPRx)<br><br>**JOINT MOTION TO UNSEAL COURT FILINGS [ECF NOS. 16, 148, 171]**<br><br>JUDGE:　Hon. John F. Walter<br>CTRM:　7A<br>DATE:　December 20, 2021<br>TIME:　1:30 p.m. |

# I.
# INTRODUCTION

The Court administratively closed this case on January 15, 2020, but in March 2020 authorized Thomas W. McNamara, the Court-appointed Receiver (the "Receiver"), to pursue litigation against Wells Fargo & Company and Wells Fargo Bank N.A. ("Wells Fargo") for claims held by the Receivership Estate separate from the claims brought by the Federal Trade Commission ("FTC") (ECF No. 153). Non-Parties Wells Fargo recently requested access to three documents sealed by this Court going back three years: the November 2018 *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO") (Doc. 16), the February 2020 Declaration of Thomas W. McNamara in Support of Receiver's Motion for Authorization to Engage Contingent Fee Counsel under seal (ECF No. 148, the "First Declaration"), and the March 2021 Declaration of Thomas W. McNamara in Support of Receiver's Unopposed Motion to Extend Completion Deadline for Receivership under seal (ECF No. 171, the "Second Declaration").

For the reasons discussed below, FTC and the Receiver jointly move for these documents to be unsealed. Counsel conferred pursuant to L.R. 7-3 on November 8, 2021.[1]

///
///
///
///

---

[1] Counsel for the Receiver, the Federal Trade Commission, and Wells Fargo conferred regarding the unsealing of the documents at issue on this date. Because all of the Defendants in this action have since settled, and the documents were originally sealed pursuant to the FTC and the Receiver's requests, neither Defendants nor counsel for the Defendants were included in the conference.

## II.

## DISCUSSION

### A.  The November 2018 Temporary Restraining Order

The sealing of the TRO three years ago was to be temporary. The FTC requested that the TRO be sealed until the earlier of: (a) seven (7) business days after the Court has ruled on the TRO Application; or (b) upon the Clerk of the Court's receipt of written notice from Plaintiff that Defendants have been served with the TRO, with no further order of the Court being necessary to effect the unsealing. The Court granted the FTC's request. That the TRO has not yet been formally unsealed appears to have been an administrative oversight. The FTC therefore requests, along with the Receiver, that the Court unseal the TRO.

### B.  The February 2020 and March 2021 Sealed Declarations

Both of the declarations which the Receiver sought to seal (and which the Court approved sealing) were attached to nondispositive motions. For such documents, "a particularized showing, under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy" of the sealed document. *Sas v. Sawabeh Info. Servs. Co.*, Case No. CV 11-04147-MMM (MANx), 2015 WL 12734004, at *2 (C.D. Cal. Feb. 4, 2015) (internal quotation marks and citation omitted). At the time, good cause existed to seal both declarations for the reasons identified then and discussed below. Circumstances have since changed, however, and because Wells Fargo has requested access to these documents, the FTC and the Receiver are jointly moving to unseal both documents.

    1.    <u>The First Declaration</u>

The First Declaration was attached to the Receiver's February 2020 Motion for Authorization to Engage Contingency Fee Counsel (ECF No. 144) seeking the Court's permission to retain counsel on a contingency fee basis to pursue litigation against Wells Fargo. Although the Motion and supporting memorandum were public, the Receiver sought to file the First Declaration accompanying it under

seal. The reasons for seeking to file the First Declaration under seal were set forth in his *ex parte* application to file the declaration under seal (ECF No. 145):

> The Receiver's declaration contains a more detailed discussion of that investigation, as well as a discussion of his litigation evaluation and strategy. If Wells Fargo were to obtain access to this information *prior to the onset of litigation*, the Receiver is concerned that it could use the information contained in his declaration to its advantage.

ECF No. 145-1 at 2 (internal citations omitted) (emphasis added).

Those concerns were significant ones pre-litigation. Because the Receiver has now sued Wells Fargo, *see McNamara v. Wells Fargo & Company, et al.*, Case No. 3:21-cv-01245-LAB-LL (S.D. Cal.) (the "Wells Fargo Action"), the reasons for sealing no longer apply. The Receiver's discussion of his investigation (which was set forth in the First Declaration) has since been incorporated into the Receiver's July 8, 2021 publicly-filed complaint in the Wells Fargo Action, and the need for secrecy no longer exists. The Receiver, along with the FTC, thus petitions the Court to unseal the First Declaration.

2. The Second Declaration

The Second Declaration, which was attached to the Receiver's March 2021 Motion to Extend Completion Deadline for Receivership (ECF No. 169), was sealed for similar, but slightly different reasons. As the Receiver stated in his *ex parte* application to seal the declaration, his concern was that "the Declaration, if publicly filed, could compromise the Receiver's ability to pursue assets belonging to the Receivership Estate." *See* ECF No. 167-1 at 1. The Receiver elaborated on this reasoning in the Second Declaration itself. Because he was asking for an extension of the receivership's completion deadline, he believed it was both necessary and proper to provide the Court with a candid update on the work that had been done in the past year and the present status of his settlement negotiations with Wells Fargo. Believing that confidentiality could be a material term of any settlement with Wells Fargo, however, the Receiver sought leave to file his update to the Court under seal, which the Court granted.

The Receiver and Wells Fargo were ultimately unable to reach a resolution, and the Receiver thus filed suit against Wells Fargo back in early July. Accordingly, the Receiver believes there is no further need to keep the fact of his discussions with Wells Fargo under seal,[2] and with the FTC, he jointly petitions the Court to unseal the Second Declaration pursuant to Wells Fargo's request.

## III.
## CONCLUSION

For the reasons discussed above, the FTC and the Receiver respectfully request that ECF Nos. 16, 148, and 171 be unsealed.

Dated:  November 18, 2021

FEDERAL TRADE COMMISSION

By:  /s/ Jonathan W. Ware
Jonathan W. Ware (DC 989414; VA 77443) *Admitted Pro Hac Vice*
600 Pennsylvania Ave., NW, CC-9528
Washington, DC 20580
Tel.:  202-326 2726
Fax:  202-326-3197
jware1@ftc.gov

Local Counsel
Delilah Vinzon (Cal. Bar No. 222681)
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel.:  310-824-4300
Fax:  310-824-4380
dvinzon@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

---

[2] While the Second Declaration contains references to a confidential mediation, nothing in the declaration discusses the parties' positions or any specifics relating to the substance of their negotiations during mediation, all of which remain confidential pursuant to the parties' agreement.  The Receiver believes the information in the declaration could be made public regardless, and especially where the only other affected party – Wells Fargo – is the one making the request to unseal the document, it seems particularly appropriate.

| | | |
|---|---|---|
|1| Dated: November 18, 2021 | MCNAMARA SMITH LLP |
|2| | |
|3| | By: /s/ Logan D. Smith |
| | | Logan D. Smith |
|4| | 655 West Broadway, Suite 900 |
| | | San Diego, CA 92101 |
|5| | Tel.: 619-269-0400 |
| | | Fax: 619-269-0401 |
|6| | *Attorneys for Receiver,* |
| | | *Thomas W. McNamara* |

## CONSENT CERTIFICATION

I, Logan D. Smith, hereby certify that the contents of the JOINT MOTION TO UNSEAL COURT FILINGS [ECF NOS. 16, 148, 171] is acceptable to counsel for Plaintiff Federal Trade Commission, Jonathan W. Ware, who has authorized me to affix his CM/ECF electronic signature to this Joint Motion.

By: /s/ Logan D. Smith
Logan D. Smith
*Attorney for Receiver,*
*Thomas W. McNamara*

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all participants in the case who are registered CM/ECF users.

 /s/ Logan D. Smith
Logan D. Smith
*Attorney for Receiver,*
*Thomas W. McNamara*