# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APEX CAPITAL GROUP, LLC, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-9573-JFW(JPRx)<br><br>**JOINT STATEMENT OF WELLS FARGO AND PARTIES REGARDING HAVING MET AND CONFERRED IN ADVANCE OF FILING OF PROPOSED INTERVENORS WELLS FARGO & COMPANY AND WELLS FARGO BANK N.A.'S MOTION TO INTERVENE** |

1

**TO THE HONORABLE COURT:**

Proposed Intervenors Wells Fargo & Company and Wells Fargo Bank N.A. ("Wells Fargo"), by and through its counsel of record, Kevin M. Lally, Plaintiff Federal Trade Commission ("FTC"), by and through its counsel of record, Jonathan W. Ware[1] ("FTC Counsel"), Court-appointed Receiver Thomas McNamara ("McNamara"; "Receiver"), by and through his counsel of record, Logan D. Smith and Cornelia J. B. Gordon (together, "Receiver's Counsel"), defendants SIA Transact Pro and Mark Moskvins ("Moskvins"), by and through their counsel of record, William Rothbard ("Rothbard"), and defendant Phillip Peikos ("Peikos"), proceeding pro se, hereby submit notice of having met and conferred regarding Wells Fargo's filing of its Motion to Intervene.[2]

## STATEMENT ADDRESSING MOTION TO CONFER

Wells Fargo seeks to move to intervene in the above-captioned case to file a substantive motion to challenge the legality of the Receiver's authority, as set forth in orders issued in this case, to pursue the Receiver's lawsuit against it in the Southern District of California, *McNamara v. Wells Fargo & Company* et al., No. 21-cv-01245 LAB LL (S.D. Cal. July 8, 2021).[3] The FTC and Receiver will oppose both motions. Peikos and Rothbard, on behalf of defendants Moskvins and SIA Transact Pro,

---

[1] Jonathan A. Cohen and Kristy M. Tillman represented the FTC in communications with Wells Fargo from August through October 2021, after which Mr. Ware has served as lead FTC counsel. The FTC also is represented in this matter by Delilah Vinzon, who serves as local counsel.

[2] Wells Fargo's repeated efforts to reach Craig DuFord, counsel for defendant David Barnett, have not proved successful and therefore, Barnett's position is unknown.

[3] Wells Fargo separately filed a motion to intervene on November 10, 2020 in *FTC v. Triangle Media Corp.*, et al., No. 18-cv-1388 LAB LL ("*Triangle*"), a case in which that court had also appointed McNamara as receiver and which served as a basis, in part, for the *McNamara* litigation. Wells Fargo's motion in *Triangle* remains pending and is set for oral argument on January 24, 2022.

separately advised Wells Fargo that each would take no position as to Wells Fargo's planned motions and that each did not intend to participate in any related litigation.[4]

In compliance with Local Rule 7-3 and Section 5(b) of the Court's standing order (Dkt. 17 at 6-8), Wells Fargo held a meet and confer on January 14, 2022 via teleconference (the "January 14th teleconference"), which lasted for one and a half hours.[5] Participants included Kevin Lally, Jonathan W. Ware, Logan D. Smith, and Cornelia J.B. Gordon. Counsel fully discussed numerous issues as detailed below and were unable to reach agreement on the issues underlying Wells Fargo's motions.

Prior to the January 12th teleconference, respective counsel for Wells Fargo, the FTC, and the Receiver had engaged in prior meet and confer communications in August, October, and November 2021, and in January 2022, in addition to briefing a similar contested motion to intervene pending in the *Triangle* case. As a result of prior discussions, the FTC and the Receiver agreed to move this Court to unseal three documents (*see* Dkt. 212), which the Court granted on December 10, 2021 (Dkt. 213). Counsel also agreed to stipulate to a proposed modified briefing schedule and hearing date for the contested Wells Fargo intervention motion.

During the January 14th teleconference, counsel for Wells Fargo, the Receiver, and the FTC addressed Wells Fargo's proposed intervention motion at length. This included detailed discussions of respective burdens and each participants' position regarding: (1) whether intervention in this case was the appropriate procedure for litigating the issues Wells Fargo sought to raise through its substantive motion; (2) whether Wells Fargo had Article III standing to intervene; (3) whether Wells

---

[4] Peikos and Rothbard first stated their positions on October 28, 2021 and then reaffirmed them on January 10, 2022, when they also each noted that they would be taking no position as to the request for a modified briefing schedule and hearing date as they did not intend to participate in this litigation.

[5] Due to the COVID-19 pandemic, all meet and confer conferences have taken place by telephone.

Fargo could satisfy the timeliness requirements for either intervention as of right or permissive intervention under Federal Rule of Civil Procedure 24; (4) whether Wells Fargo has a protectable interest as required to intervene as of right, under Federal Rule of Civil Procedure 24(a); and (5) more broadly, intervention as applicable here under Rule 24 as well as the merits of the substantive motion Wells Fargo seeks to intervene to make. Ultimately, no consensus was reached on these issues, and it was agreed that they would have to be resolved through litigation.

In anticipation of such litigation, respective counsel for Wells Fargo, the FTC, and the Receiver agreed to stipulate to a request that this Court issue an order modifying the briefing schedule and setting a new hearing date. This request, if granted, would require that the opposition and reply briefs be filed no later than February 7, 2022, and February 21, 2022, respectively, and that the motions hearing be held on March 7, 2022 at 1:30 p.m.

Respectfully submitted:

Dated: January 18, 2022

**MCGUIREWOODS LLP**

_____
Kevin M. Lally, Esq.

*Counsel for Proposed Intervenors*
*Wells Fargo & Company and Wells Fargo Bank, N.A.*

/s/ Jonathan W. Ware

_____
Jonathan W. Ware, Esq., *pro hac vice* (per authorization)
Delilah Vinzon, Esq. (local counsel)

*Attorneys for Plaintiff*
*Federal Trade Commission*

*/s/ Logan D. Smith*

Logan Smith, Esq. (per authorization)

*Attorneys for Court-Appointed Receiver Thomas McNamara*


*/s/ William Rothbard*

William Rothbard, Esq. (per authorization)

*Attorneys for Defendants SIA Transact Pro and Michael Moskvins*


*/s/ Phillip Peikos*

Phillip Peikos (per authorization)
*Pro Se* Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, I electronically filed the foregoing document entitled with the Clerk of the Court for the United States District Court, Southern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system. Any counsel of record who has not consented to or registered for electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile, and/or overnight delivery.

*/s/ Alicia A. Baiardo*
Alicia A. Baiardo