Logan D. Smith (SBN 212041)
lsmith@mcnamarallp.com
Cornelia J. B. Gordon (SBN 320207)
cgordon@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile: 619-269-0401

*Attorneys for Receiver,
Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>  v.<br><br>APEX CAPITAL GROUP, LLC, et al.,<br><br>   Defendants. | Case No. 2:18-cv-09573-JFW (JPRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RECEIVER'S MOTION TO APPROVE SETTLEMENT WITH C.D.L. DEVELOPING LTD**<br><br>JUDGE: Hon. John F. Walter<br>CTRM: 7A<br>DATE: June 27, 2022<br>TIME: 1:30 p.m. |

The Court-appointed receiver Thomas W. McNamara (the "Receiver") moves the Court to approve his proposed settlement with non-party C.D.L. Developing Ltd for the reasons discussed below.[1]

In February 2018, Receivership Entity Apex Capital Group LLC, a Puerto Rico corporation ("Apex PR"),[2] entered into a Share Purchase Agreement with a Cypriot company, C.D.L. Developing Limited ("C.D.L."). Pursuant to that agreement, Apex PR purchased 370 Class A Shares in a second Cypriot company, Highpost Holdings Limited ("Highpost"), from C.D.L. at a price of €4,054.05 per share, for an aggregate purchase price of €1,500,000. Highpost operates a beach club in Mykonos, Greece.

At the time of the Receiver's appointment in November 2018, Apex PR had paid the purchase price but C.D.L. had not transferred the Highpost shares to Apex PR. When C.D.L. would not engage with the Receiver, the Receiver hired Cypriot counsel to pursue transfer of the shares. When a demand letter to C.D.L. failed to yield results, Cypriot counsel initiated litigation in Cyprus against both C.D.L. and Highpost. C.D.L. contended that Apex PR had not made timely payments as explicitly required under the sales agreement and, as a result, C.D.L. was not required to transfer the shares or return the funds paid. The initiation of the Cyprus litigation was delayed by the of the COVID-19 pandemic, but commenced in June 2020.

---

[1] The Receiver is aware of Local Rule 7-3, however, he is currently unaware of any "opposing party" to this motion. As noted below, Plaintiff Federal Trade Commission has been informed of the motion and does not oppose it.

[2] While not specifically named as a Receivership Entity, Apex PR qualifies under the Preliminary Injunction ("PI") as both a Corporate Defendant (a designation which includes "Apex Capital Group, LLC . . . and each of [its] subsidiaries, affiliates, successors, and assigns") and a Receivership Entity (a designation which includes "Corporate Defendants . . . as well as any other entity that has conducted any business related to Defendants' marketing or sale of products with a Negative Option Feature, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant").

1       The litigation in Cyprus progressed slowly, which the Receiver understands is not unusual from speaking to Cypriot counsel.  Nevertheless, in May of this year, C.D.L. offered to settle the case for a total of €300,000, paid in installments: €30,000 in July 2022, €100,000 in August/September 2022, €100,000 in August/September 2023, and €70,000 in August/September 2024.[3]  While this is significantly less than what Apex PR paid for the shares, given the difficulties of litigating abroad, the glacial progress in the Cypriot courts, the payment defenses asserted by C.D.L. and general uncertainty as to C.D.L.'s liquidity,[4] the Receiver believes this is a reasonable offer and has accepted it subject to Court approval.

      While the Receiver believes the amount of the settlement is reasonable, he was unwilling to agree to C.D.L.'s terms without some additional assurances given the liquidity concerns.  Cypriot counsel suggested that instead of executing a settlement agreement, they ask the Cypriot court to enter a judgment reflecting the proposed installment payments.  In the event that C.D.L. defaults, this would allow Cypriot counsel to pursue the default immediately, as opposed to initiating a new action for breach of contract.  With this assurance, the Receiver has agreed to the terms of the proposed settlement, subject to this Court's approval.

      The Plaintiff in this case, the Federal Trade Commission, has been informed of the proposed settlement and does not oppose this motion.

///

///

///

///

---

[3] C.D.L. told Cypriot counsel that its income is primarily generated during the summer season, which is the reason for the dates it proposed.

[4] Defendant Phillip Peikos indicated at his deposition that he was pressured to provide additional funds for the investment, which led him to conclude that some of the funds on C.D.L.'s side (for its purchase of the Highpost shares) might have been borrowed and the loan was coming due.

1  If the Court is satisfied with the terms of the settlement, the Receiver asks
2  that the Court enter an order approving it.

3  Dated: May 18, 2022                MCNAMARA SMITH LLP

                                      By:  /s/ Cornelia J. B. Gordon
                                           Cornelia J. B. Gordon
                                           *Attorneys for Receiver,*
                                           *Thomas W. McNamara*